UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASE NO: _____

YADRAM SHIWBODH,                )
INDRAWATIE SHIWBODH,            )
and MALEISA SHIWBODH            )
                                )
    Plaintiffs,                 )
                                )
vs.                             )
                                )
CARIBBEAN AIRLINES LIMITED,     )
                                )
    Defendant.                  )

## COMPLAINT

Plaintiffs (1) YADRAM SHIWBODH, (2) INDRAWATIE SHIWBODH, and (3) MALEISA SHIWBODH, bring this action against Defendant Caribbean Airlines Limited, and alleges as follows:

### INTRODUCTION

1. This is a personal injury action for damages arising out of the crash landing of Caribbean Airlines Flight #BW523 in the early morning hours of July 30, 2011 at Cheddi Jagan International Airport in Georgetown, Guyana. Plaintiffs were travelling to Guyana on Caribbean Airlines Flight #BW523 from John F. Kennedy International Airport in New York City.

2. Landing at night, the aircraft careened down the runway, overshooting the end of the runway and nearly plunging into a ravine. The impact cracked the fuselage into two parts.



3. Plaintiffs, a mother and father and their adult daughter, were paying passengers on the international flight and suffered personal injuries as a result of the crash landing.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(a), because this is a civil action which arises under the laws and treaties of the United States, namely, the Convention for the Unification of Certain Rules Relating

to <u>International Transportation by Air</u>, concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention").

## PARTIES

5. Plaintiff YADRAM SHIWBODH is a citizen of the United States and a resident of East Haven, Connecticut.

6. Plaintiff INDRAWATTIE SHIWBODH, the wife of Yadram Shiwbodh, is a citizen of the United States and a resident of East Haven, Connecticut.

7. Plaintiff MALEISA SHIWBODH, the adult daughter of Yadram and Indrawattie Shiwbodh, is a citizen of the United States and a resident of East Haven, Connecticut.

8. Defendant Caribbean Airlines Limited ("Caribbean") is a foreign state-owned corporation (Republic of Trinidad and Tobago) with its principal place of business in Trinidad.

## GENERAL ALLEGATIONS

9. Caribbean is a commercial air carrier engaged in the business of transportation of fare-paying passengers on regularly scheduled international flights in aircraft owned, leased, operated, managed, maintained and/or controlled by Caribbean and its agents. As a common carrier, Caribbean is obligated and expected to provide the highest degree of care to its passengers.

10. On July 30, 2011, Caribbean was the owner, lessee, operator, and/or entity in control of Caribbean Flight #BW523, which departed from John F. Kennedy International Airport in New York City, with a stop at Piarco International Airport in Trinidad, where it took on additional passengers, before flying to its final destination of Cheddi Jagan International Airport in Georgetown, Guyana.

11. Caribbean was also the employer of the crew and flight attendants on Caribbean Flight #BW523. Caribbean was responsible for the actions of the flight crew.

12. Plaintiffs were paying passengers on Caribbean Flight #BW523.

13. During the landing in Georgetown, Guyana, the aircraft overran the runway and crashed in a field, nearly plunging into a ravine. The impact cracked the fuselage into two parts.

14. Consequently, and through no fault of their own, Plaintiffs were injured. These injuries include, but are not limited to: (a) bodily injury and the resulting pain and suffering, (b) mental anguish, (c) the costs of past and future medical treatment, and (d) loss of income.

15. Plaintiffs also suffered damages to and loss of their personal property and baggage.

## COUNT I

### Claim for Damages
### Under the Montreal Convention

16. The allegations set forth in paragraphs 1 through 15 are incorporated in this Count by reference.

17. Caribbean Flight #BW523 was engaged in the "international carriage" of Plaintiff within the meaning of the Montreal Convention, and Plaintiffs' injuries were sustained on board the aircraft or in the course of disembarking the aircraft. Accordingly, the Montreal Convention applies to this cause of action.

18. Under Article 17 of the Montreal Convention, Caribbean is strictly liable for the accident without regard to its own fault and is obligated to pay full, fair and reasonable damages to the Plaintiffs.

19. It is not necessary to allege or establish negligence on the part of Caribbean under the Montreal Convention. However, at all times material, Caribbean was under a duty to operate and control the subject aircraft, on the ground and in the air, with the highest degree of care, and to exercise the highest degree of care to prevent injury of any kind.

20. Caribbean breached its duty to use reasonable care and/or exercise the highest degree of care and/or negligently and/or carelessly discharged its duties by, among other things:

    a. failing to exercise reasonable care in the safety of its passengers, and specifically Plaintiffs, while operating the aircraft;

    b.    placing Plaintiffs in a position of immediate peril and risk of injuries;

    c.    failing to ensure that the flight crew of the subject aircraft used reasonably prudent and acceptable piloting techniques and skills in the operation of the subject flight;

    d.    failing to properly train, supervise, and/or monitor the flight crew, including the pilots;

    e.    failing to properly navigate and/or operate the subject aircraft in a safe and competent manner given the prevailing weather, visibility, and runway conditions;

    f.    failing to safely land the aircraft and overshooting the runway at Cheddi Jagan International Airport;

    g.    failing to deploy the flaps and/or slats on the subject aircraft in or order to slow and stabilize the aircraft during the approach and landing sequence;

    h.    failing to warn passengers to brace themselves or prepare for an impact as a result of the failed landing;

    i.    failing to provide guidance and instructions to the passengers on the evacuation of the aircraft or to provide proper assistance in the evacuation of the aircraft; and

    j.    otherwise being negligent and/or legally liable under applicable law.

21.    As a direct and proximate result of the acts of Caribbean, Plaintiffs sustained injuries, including but not limited to: (a) bodily injury and the resulting pain and suffering, (b) mental anguish, (c) the costs of past and future medical treatment, and (d) loss of income.

22.    As a direct and proximate result of the acts of Caribbean, Plaintiffs also sustained damages to, or the destruction or loss of, personal property and baggage.

WHEREFORE, Plaintiffs demand judgment against Caribbean Airlines Limited for damages, costs and such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable as of right.

Respectfully submitted,

LAURENCE P. NADEL P.C.
261 Bradley St.
New Haven, CT. 06510
Tel: (203) 777-8356
Fax: (203) 562-6288

By: _____
Laurence Nadel, Esq.
CT Bar No. 05929
Email: ln@laurencenadel.com

*Attorney for Plaintiffs*

Of counsel:

COLSON HICKS EIDSON, P.A.
Curtis B. Miner, Esq.
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Tel: (305) 476-7400
Fax: (305) 476-7444
E-mail: curt@colson.com