UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Case No.: 3:12-cv-01706-AVC

INDRAWATIE SHIWBODH,

Plaintiff,

vs.

CARIBBEAN AIRLINES LIMITED,

Defendant.

**PLAINTIFF'S RULE 52 MOTION TO AMEND
THE COURT'S FINDINGS**

Plaintiff, Indrawatie Shiwbodh, moves the Court to amend its Memorandum of Decision (Dkt. 71) under Rule 52 of the Federal Rules of Civil Procedure to reflect the following evidence, which was admitted at trial, and to adjust its damages award accordingly: (1) $12,815.77 in additional medical expenses related to Mrs. Shiwbodh's second ankle surgery; (2) $31,480.91 in additional medical expenses related to her third ankle surgery; (3) $6,175.00 in additional medical expenses related to her back injury (incurred before October 31, 2011); (4) $4,315.00 in medical expenses for Dr. Lorenzo Galante's primary care; (5) $165.00 in additional medical expenses for Dr. Adam Mednick's medical care; (6) $27,497.52 for wages lost prior to Mrs. Shiwbodh's termination at Covidien; (7) $16,900.91 to $22,534.55 for lost wages resulting from the period that Mrs. Shiwbodh's was unable to work in any capacity following each of her three ankle surgeries; and (8) an increase in Mrs. Shiwbodh's award for pain and suffering reflecting the economic damages listed above.

1

## A. **Background**

This case involves claims under the Montreal Convention by Mrs. Shiwbodh against Caribbean Airlines Limited ("Caribbean Airlines") that arose from a plane crash that occurred on July 30, 2011.  As a result of the crash, Mrs. Shiwbodh claimed injuries to her right ankle, right knee, back, and head, as well as related damages for pain and suffering.  The case was tried to the Court from December 11 to 13, 2017.  On March 27, 2018, the Court issued its Memorandum of Decision, finding Caribbean Airlines liable to Mrs. Shiwbodh for (1) her right ankle injury from the date of the crash through July 29, 2015; (2) for her right knee injury through September 30, 2012; (3) for her back injury through October 31, 2011; and (4) for her head injury through May 31, 2012.  The Court accordingly awarded Mrs. Shiwbodh damages for lost wages from the date of the crash to October 31, 2011 (the date through which Caribbean Airlines conceded her back injury), in the amount of $12,402.61; for medical expenses that fell within its findings on liability the amount of $55,690.43; and for emotional damages in the amount of $204,279.12, calculated as three times Mrs. Shiwbodh's economic damages.  Dkt. 71 at 33-41.

## B. **Legal standards**

Following a bench trial, Rule 52 of the Federal Rules of Civil Procedure permits a party to move to amend or supplement the Court's findings in order to correct a clear error of fact or law and, if appropriate, to amend its judgment.  Fed. R. Civ. P. 52(b).  The Rule states: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly."  *Id.*  With respect to damages, Rule 52 is the appropriate mechanism for reviewing and correcting a Court's award of damages if necessary to conform the award to the evidence admitted at trial.  *See Nationwide*

*Airlines (PTY) Ltd. v. African Global Ltd.*, 2007 WL 1201765, at *1-2 (D. Conn. Apr. 23, 2007) (adjusting damages award to accord with evidence at trial).

    **C. <u>Medical Expenses</u>**[1]

        *a.  Expenses Related to Mrs. Shiwbodh's Second and Third Ankle Surgeries*

The Court found that Caribbean Airlines was liable to Mrs. Shiwbodh for treatment of her right ankle injury from July 30, 2011, through July 29, 2015.  Dkt. 71, p. 33.  It should therefore amend its written findings to reflect evidence of Mrs. Shiwbodh's medical expenses for her second ankle surgery, performed by Dr. Enzo Sella on August 21, 2013, and her third ankle surgery, performed by Dr. Allen Ferrucci, on July 29, 2015, that is omitted from the Court's Memorandum of Decision.  With respect to the second surgery, Mrs. Shiwbodh presented evidence at trial of expenses charged by the Yale New Haven Hospital for Dr. Sella's surgery (Tr. Ex. 17J at 1-2) that are not reflected in the Court's findings and judgment (Dkt. 71 at 35-36).  These charges total $12,827.62.  Tr. Ex. 17J at 1-2; Appendix at 2.  Mrs. Shiwbodh also presented evidence of $31,480.91 in expenses charged by Connecticut Orthopedic Specialists[2] for her third surgery (Tr. Ex. 17G at 16-17; Appendix at 3) that are not reflected in the Court's findings (Dkt. 71 at 35-36).  Mrs. Shiwbodh respectfully moves the Court to amend its Memorandum of Decision to include both these medical expenses and to adjust its award of damages accordingly.

        *b.  Expenses Related to Mrs. Shiwbodh's Back Injury through October 31, 2011*

The Court also found Caribbean Airlines liable for Mrs. Shiwbodh's back injury from the date of the crash through October 31, 2011.  Dkt. 71 at 1, 25-28.  During this period, Mrs.

---

[1] Mrs. Shiwbodh has prepared and attached an Appendix that sets out in full the medical expenses that she is requesting the Court to amend its Memorandum of Decision to include.

[2] *See also* Appendix at 3.  Connecticut Orthopedic Specialists is Dr. Fiorucci's orthopedic group. Tr. Ex. 11S at 6-7.

Shiwbodh received treatment on her spine by Dr. Martin Hasenfield on September 27, October 3, and October 18, 2011.  Tr. Exs. 4A through 4C.  The cost of these treatments totaled $1,375.00 (*see* Ex. 17C at 1-2; Appendix at 4) and are not reflected in the Court's Memorandum of Decision. Dkt. 71 at 35-36.  Dr. Hasenfield also performed two facet joint injections on Mrs. Shiwbodh on October 28, 2011.  The Court's judgment included $900.00 in costs for these injections (*See* Dkt. 71 at 35, *citing* Tr. Ex. 17C), but does not include another $4,800.00 in related costs that are reflected in Trial Exhibit 17K.  *See* Tr. Ex. 17K at 1; Appendix at 4.  Mrs. Shiwbodh respectfully requests that the Court amend its Memorandum of Decision to include these omitted expenses, which total $6,175.00 in additional costs related to the treatment of Mrs. Shiwbodh's back injury through October 31, 2011.

### c.   Expenses for Dr. Galante's Primary Care Treatment

Although the Court acknowledged that Mrs. Shiwbodh would be entitled to recover the cost of treatment she received from Dr. Lorenzo S. Galante, her primary care physician, it ruled that the there was insufficient evidence of these costs in the record to support their award.  Dkt. 71 at 34-35.  The cost of Dr. Galante's care is reflected in Trial Exhibit 17A at 1-2, which set forth a list of dates and charges that correspond to the dates of Dr. Galante's appointments with Mrs. Shiwbodh as memorialized in Trial Exhibits 2A through 2Z.  *See* Appendix at 5.  Trial Exhibit 17A furthermore contains the notation "Pr:LSG" next to each of these entries, which correspond to Dr. Galante's initials (*see, e.g.,* Tr. Ex. 2A), and are consistent with identifying Dr. Galante as a medical provider for Mrs. Shiwbodh as reflected in his medical reports.  In light of this evidence, Mrs. Shiwbodh respectfully moves the Court to amend its Memorandum of Decision to include these expenses (which total $4,315.00) in its damages award to Mrs. Shiwbodh.

4

### d.   Expenses for Dr. Mednick's Treatment

The Court awarded $2,827.00 to Mrs. Shiwbodh for the medical care she received from Dr. Mednick for her head injury, identified in the Court's Memorandum of Decision as being for treatment performed from the date of the accident through May 22, 2012.  Dkt. 71 at 35 (*citing* Tr. Ex. 17E).  This award reflects a scrivener's error.  The actual cost for this treatment for this period of time was $2,992.00, a difference of $165.00.  *See* Tr. Ex. 17E at 1-2; Appendix at 6.  Mrs. Shiwbodh requests that the Court amend its Memorandum of Decision accordingly.

## D.  Lost Earnings

In its written findings, the Court declined to award the majority of the lost wages claim sought by Mrs. Shiwbodh because it found that her expert's assessment – that Mrs. Shiwbodh was completely unable to work – could not be attributed solely to injuries for which Caribbean Airlines was liable.[3]  Nevertheless, based on Caribbean Airlines' concession that it caused ankle, knee, back, and head injuries that did not resolve until the end of October 2011, the Court awarded Mrs. Shiwbodh lost wages from the date of the accident through October 31, 2011, which it calculated as a proportional share of her annual wage at Covidien, the surgical supply manufacturer for which she had worked for 23 years.  Dkt. 71, p. 39.[4]  Separately, the Court found that Caribbean Airlines was liable for Mrs. Shiwbodh's ankle injury through July 29, 2015, and her knee injury through September 30, 2012, but noted that Mrs. Shiwbodh's orthopedic surgeon, Dr. Ferrucci, "stated in his deposition that the plaintiff was still able to perform sedentary work despite her ankle and knee injuries."  *Id.*, pp. 1, 39; Tr. Ex. 11S at 83-85.

---

[3] At trial, Dr. Jeffery Joy testified that Mrs. Shiwbodh's ankle, knee, back, and head injuries combined to render her unable to work in any capacity.  Dkt. 71 at 39.  But as the Court noted, he did not render an opinion on the impact of each individual injury to this assessment.  *Id.*

[4] Mrs. Shiwbodh's annual salary was $39,880.00, with total benefits amounting to $48,959.00. *Id.*, pp. 8, 11.  This translates to approximately $134.12 per day over a 365-day calendar year.

Mrs. Shiwbodh's employment at Covidien was not "sedentary work," however.  As an assembler at Covidien, she typically stood several hours a day, walked back and forth from the assembly line to a set of storage racks, and lifted trays that weighed as much as 20-25 pounds throughout the day – occasionally lifting these trays above her head.  TT 14-16; Tr. Ex. 21B, p. 8. Her damages expert, Dr. Joy, rated her job at Covidien as a "light and medium exertional capacity occupation as defined by the Department of Labor."  *Id.*   By comparison, Dr. Joy characterized "sedentary work" as "lifting no more than five pounds on an occasional basis (33% of the workday)" (*id*, p. 10) – a definition which Caribbean Airlines did not challenge at trial.

The law did not require Mrs. Shiwbodh to abandon her position of 23 years to seek sedentary employment when, in the immediate aftermath of the accident, there was hope that her injuries would heal and that she could return to work.  *See e.g.,* Tr. Ex. 2G (Dr. Galante's notes discussing Mrs. Shiwbodh's efforts to return to work); Tr. Exs. 2I, 2K (reflecting that Dr. Galante provided doctor's notes to Covidien stating that she was not yet fit to return to work).  Instead, it provides that she may receive lost wages while her fitness to return to work is under evaluation, which in this case includes the time that Covidien kept Mrs. Shiwbodh's position open after the accident in order to give her a chance to recover and return to work.  *See Hicks v. State*, 948 A. 2d 982, 1008-9 (Conn. 2008) (even though plaintiff was ultimately able to continue his pre-accident employment at a reduced level, he was nonetheless entitled to lost wages for the period of time it took to receive medical clearance to do so).  In this case, it was not until approximately the end of May 2012 that Covidian terminated her.  TT 54-55; Tr. Ex. 2K.[5]   Her work at Covidien being the only job she had ever had, and having no formal education or other job training (TT 10-13), Mrs.

---

[5] Mrs. Shiwbodh continued working at Covidien through at least May 23, 2012, according to the records of her primary care physician.  Tr. Ex. 2K, p. 2 (memorializing Mrs. Shiwbodh's request for a doctor's note for her employer).

Shiwbodh is entitled to recover lost wages for the period of time she remained employed at Covidien but, due to her ankle and knee injuries, was unfit to work there.

Moreover, Caribbean Airlines did not plead the affirmative defense of failure to mitigate. *Travelers Int'l, A.G., v. Trans World Airlines, Inc.,* 41 F. 2d 1570, 1580 (2d Cir. 1994) (the affirmative defense of failure to mitigate is waived if not specifically pleaded). Given both this concession and the evidence at trial, the Court should amend its Memorandum of Decision to include Mrs. Shiwbodh's lost wages at Covidien through at least May 23, 2012, which amounts to an additional 205 days. Applying the same proportional formula that the Court used in its written findings (Dkt. 71 at 39-40), this yields additional lost wage damages in the amount of $27,497.52. Mrs. Shiwbodh respectfully requests the Court to amend its Memorandum of Decision to include additional lost wage damages in this amount.

In addition, Dr. Ferrucci testified that Mrs. Shiwbodh would be unable to perform even sedentary work for a period of "six to eight weeks" during her recovery from a typical ankle surgery. Tr. Ex. 11S at 84.[6] Mrs. Shiwbodh had three ankle surgeries during the period of time for which the Court found Caribbean Airlines liable for her ankle injury, all of which took place <u>after</u> her termination from Covidien.[7] This amounts to 18 to 24 weeks that, according to Dr. Ferrucci, she was unfit to work in any capacity as a result of treatment for an ankle injury caused by Caribbean Airlines, or 126 to 168 days. Lost wages for this period of time total $16,900.91 to $22,534.55 based on the formula used in the Court's Memorandum of Decision. Dkt. 71 at 39-40.

---

[6] Caribbean Airlines did not challenge this aspect of Dr. Ferrucci's testimony at trial other than to challenge the necessity of Mrs. Shiwbodh's ankle surgeries altogether.

[7] Her first surgery was performed Dr. Richard Zell on October 18, 2012; the second by Dr. Sella on August 21, 2013, and the third by Dr. Ferrucci on July 29, 2015. Dkt. 70, ¶¶ 28, 32, 46.

Mrs. Shiwbodh thus respectively moves the Court to amend its Memorandum of Decision to include these lost wages as well.

**E.  Damages for Pain and Suffering**

In its written findings, the Court concluded that "the record plainly demonstrates the negative impact of the ankle injury upon [Mrs. Shiwbodh's] life" and that the ankle injury "caused her constant pain in the years following the crash."  Dkt. 71 at 41.  Given this toll, the Court ruled that Mrs. Shiwbodh's damages for pain and suffering amounted to three times her economic damages.  *Id.*  Insofar as the Court amends its findings to include the additional economic damages set forth in this motion, Mrs. Shiwbodh moves the Court also to amend its award for pain and suffering damages in the same proportion as previously determined.

**F.  Conclusion**

The evidence at trial included evidence of medical expenses that fall within the scope of the Court's findings on liability and which should therefore be included as part of the damages awarded to Mrs. Shiwbodh for her past medical expenses. The trial evidence also included testimony that Mrs. Shiwbodh incurred lost wages above the amount the Court awarded that were caused by Caribbean Airlines.  In light of this evidence, Mrs. Shiwbodh moves the Court to amend its Memorandum of Decision to include the additional losses and to adjust its award of damages for pain and suffering as set forth in this motion.

WHEREFORE, Plaintiff Indrawatie Shiwbodh moves the Court to enter an Order amending its Memorandum of Decision to include (1) $12,815.77 in additional medical expenses related to Mrs. Shiwbodh's second ankle surgery; (2) $31,480.91 in additional medical expenses related to her third ankle surgery (3) $6,175.00 in additional medical expenses related to her back

injury that were incurred prior to October 31, 2011; (4) $4,315.00 in medical expenses for primary

Dr. Lorenzo Galante's primary care treatment; (5) $165.00 in additional medical expenses for Dr.

Adam Mednick's treatment; (6) $27,497.52 for lost wages, encompassing the period of time Mrs.

Shiwbodh was employed at Covidien but unfit to return to her position there; (7)  $16,900.91 to

$22,534.55 for lost wages resulting from Mrs. Shiwbodh's inability to work even in a sedentary

capacity following each of her three ankle surgeries; and  (8) an increase in the Court's award of

damages for Mrs. Shiwbodh for pain and suffering corresponding to the additional economic

damages listed above.


       Respectfully submitted,

       JACOBS & JACOBS
       700 State Street
       New Haven, CT 06511
       Tel:  203.777.2300

       By:____*s/ Steven D. Jacobs*_____
       Steven D. Jacobs (CT00409)
       E-mail: steve@jacobs-jacobs.com

       COLSON HICKS EDISON, P.A.
       255 Alhambra Circle, Penthouse
       Coral Gables, FL 33134
       Tel:  305.476.7400

       By:____*Curtis Miner*_____
       Curtis Miner (*pro hac vice*)
       E-mail: curt@colson.com

       *Counsel for Plaintiff Indrawatie Shiwbodh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 24 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send transmissions of Notices of Electronic Filing to the below counsel of record:


Vincent M. Marino
COHEN AND WOLF, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel: 203.368.0211
E-mail: vmarino@cohenandwolf.com

John Maggio
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Tel: 212.490.9100
E-mail: jmaggio@condonlaw.com
*Counsel for Defendant Caribbean Airlines Limited*

s/ *Curtis B. Miner*
   Curtis B. Miner (*pro hac vice*)